UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Newport News Division

THOMAS SCOTT,

    Plaintiff,

v.                                    Civil No.: 4:14cv128

HAMPTON CITY SCHOOL BOARD,

    Defendant.

**MEMORANDUM ORDER**

This matter is before the Court on an unopposed motion to dismiss filed by defendant Hampton City School Board ("Defendant"). Such motion seeks dismissal of the employment discrimination complaint filed by plaintiff Thomas Scott ("Plaintiff"), pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons set forth below, Plaintiff's complaint is **DISMISSED with prejudice.**

A.

On September 24, 2014, Plaintiff filed this employment discrimination action pursuant to the Americans with Disabilities Act ("ADA") and Title VII of The Civil Rights Act of 1964 ("Title VII"). Plaintiff's complaint alleges that "Defendant discriminated against him by terminating his employment" and by "refusing to offer him reasonable accommodations on account of his disability." Compl. ¶ 1, ECF

No. 1. The summons and complaint was served on Defendant in early 2015, and Defendant thereafter filed the pending motion to dismiss. Plaintiff, however, has failed to file a brief opposing dismissal, and the unopposed motion to dismiss is therefore ripe for review.

### B.

Federal Rule of Civil Procedure 12(b)(1) allows a party to move to dismiss a complaint due to a "lack of subject-matter jurisdiction." Fed. R. Civ. P. 12(b)(1). It is well-established that "[b]efore a plaintiff may file suit under Title VII or [the ADA], he is required to file a charge of discrimination with the EEOC [(Equal Employment Opportunity Commission)]." Jones v. Calvert Grp., Ltd., 551 F.3d 297, 300 (4th Cir. 2009); see 42 U.S.C. § 12117(a) (incorporating the Title VII procedures into the ADA). The Fourth Circuit has repeatedly held that a plaintiff's failure to file an EEOC charge "deprives the federal courts of subject matter jurisdiction over the claim." Jones, 551 F.3d at 300 (citing Davis v. N.C. Dep't of Corr., 48 F.3d 134, 138-40 (4th Cir. 1995)); see Balas v. Huntington Ingalls Indus., 711 F.3d 401, 406 (4th Cir. 2013). That said, the <u>untimely</u> pursuit of administrative remedies, or the <u>untimely</u> filing of suit in federal court after administrative remedies have been pursued, does not deprive a federal court of jurisdiction. Zipes v.

2

Trans World Airlines, Inc., 455 U.S. 385, 393 (1982)); Laber v. Harvey, 438 F.3d 404, 429 n.25 (4th Cir. 2006). Rather, because such time periods are subject to equitable tolling, they "are not jurisdictional, but are [instead] in the nature of a statute-of-limitations defense." Laber, 438 F.3d at 429 n.25 (citing Zipes, 455 U.S. at 393); see Pennington v. General Dynamics Armament and Technical Products, Inc., 1:12cv63, 2013 WL 3356119, at *1 (W.D. Va. July 3, 2013) (indicating that "both Title VII and the ADA" provide the same period for filing suit after the EEOC issues a "right-to-sue-letter," and that although the defendant in that case "appears to treat th[e] issue as one of subject matter jurisdiction" the requirement that suit be filed within such period "'is not a jurisdictional prerequisite . . . but a requirement that, like a statute of limitations, is subject to waiver, estoppel, and equitable tolling.'" (quoting Crabill v. Charlotte Mecklenburg Bd. of Educ., 423 F. App'x 314, 321 (4th Cir. 2011)) (additional citations omitted)).

Here, the record indicates that Plaintiff filed a charge of discrimination with the EEOC and received a right to sue letter. Defendant's jurisdictional arguments do not call such facts into question, but instead assert that a portion of Plaintiff's claims were not timely presented to the EEOC, and further assert that all of Plaintiff's claims were not timely filed in this Court. Based on the nature of Defendant's challenges, the Court

3

denies Defendant's motion to the extent it asserts a lack of jurisdiction, finding instead that Defendant's "untimeliness" arguments must be addressed within the context of the Rule 12(b)(6) standard.[1]

### C.

Federal Rule of Civil Procedure 12(b)(6) permits a defendant to seek dismissal of a complaint, or an individual claim within a complaint, based on the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ.

---

[1] Defendant's motion to dismiss is advanced pursuant to both Rule 12(b)(1) and Rule 12(b)(6), with the supporting brief invoking 12(b)(1) in the context of the untimeliness argument. Notwithstanding such reference to Rule 12(b)(1), this Court construes the unopposed untimeliness argument as a Rule 12(b)(6) claim because timeliness is not a jurisdictional matter. See Majied v. United States, No. 7:05cv77, 2007 WL 1170628, at *1 n.1 (W.D. Va. Apr. 18, 2007) (construing a 12(b)(1) motion to dismiss due to untimeliness in a Privacy Act case as "a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6)" even though such motion only invoked Rule 12(b)(1), noting that the "court is not convinced that the statute of limitations issue asserted is properly analyzed in jurisdictional terms"); Carpenter v. Virginia Dept. of Transp., No. 5:06cv35, 2006 WL 3314436, at *2 (W.D. Va. Nov. 14, 2006) (construing a 12(b)(1) motion associated with an EEOC exhaustion claim as a 12(b)(6) motion based on the court's conclusion that the issue in that case was not jurisdictional); Reid v. Prince George's County Bd. of Educ., -- F. Supp. 3d. --, 2014 WL 5089070, at *2-3 (D. Md. Oct. 8, 2014) (ruling on a limitations' claim within a motion raising both 12(b)(1) and 12(b)(6) arguments, explaining that although the defendants appear to rely on Rule 12(b)(1) in seeking dismissal due to untimeliness of the complaint, such challenge is in actuality a challenge "pursuant to Rule 12(b)(6), not 12(b)(1)"); see also Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187-88 (2d Cir. 1996) (construing the district court's dismissal of an ERISA claim for lack of subject matter jurisdiction as "a dismissal for failure to state a claim upon which relief can be granted under [Rule] 12(b)(6)," noting that "[g]enerations of jurists have struggled with the difficulty of distinguishing between Rules 12(b)(1) and 12(b)(6) in federal question cases," and further explaining that "[i]n most circumstances, it makes little practical difference whether the district court correctly labels its dismissal of an action as one for lack of subject matter jurisdiction under Rule 12(b)(1) or for failure to state a claim under Rule 12(b)(6)").

P. 12(b)(6). In order to survive a motion to dismiss, a complaint must include enough facts for the claim to be "plausible on its face," thereby raising the right to relief "above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 570 (2007) (internal citations omitted). Although a Rule 12(b)(6) motion "generally cannot reach the merits of an affirmative defense, such as the defense that the plaintiff's claim is time-barred[,] . . . in the relatively rare circumstances where facts sufficient to rule on an affirmative defense are alleged in the complaint, the defense may be reached by a motion to dismiss filed under Rule 12(b)(6)." Goodman v. PraxAir, Inc., 494 F.3d 458, 464 (4th Cir. 2007) (en banc).

Both Title VII and the ADA provide plaintiffs with "a ninety-day period in which to file their claims after the EEOC has given them a right-to-sue letter." Watts-Means v. Prince George's Family Crisis Center, 7 F.3d 40, 42 (4th Cir. 1993) (citing 42 U.S.C. § 2000e-5(f)(1) (Title VII)); see 42 U.S.C. § 12117(a) (incorporating § 2000e-5 into the ADA); Morse v. Virginia Dept. of Corrections, No. 3:13cv361, 2014 WL 1308725, at *6 (E.D. Va. Mar. 31, 2014) (noting that the "the requirement that plaintiffs file suit within 90 days of receipt of [a right

to sue] letter are the same for the ADA, . . . Title VII," and other federal employment discrimination statutes).

The "timing requirements for filing a lawsuit following an EEOC right-to-sue notice have been strictly construed" in the Fourth Circuit. Lewis v. Norfolk Southern Corp., 271 F. Supp. 2d 807, 811 (E.D. Va. 2003) (citing Harvey v. City of New Bern Police Dep't, 813 F.2d 652 (4th Cir. 1987)). For example, in Harvey, the Fourth Circuit affirmed the dismissal of a complaint filed "ninety-one days after" the receipt of a right to sue letter. Harvey, 813 F.2d at 654. Similarly, in Boyce v. Fleet Finance Inc., 802 F. Supp. 1404, 1411 (E.D. Va. 1992), another judge of this Court dismissed a complaint filed 92 days after the right to sue letter was received. Although the 90-day limitations period is strictly construed, it remains subject to equitable tolling in limited circumstances. See Olson v. Mobil Oil Corp., 904 F.2d 198, 201 (4th Cir. 1990) (labeling equitable tolling "a narrow limitations exception" and explaining, in the context of an employment discrimination case, that "[c]ourts cannot countenance ad hoc litigation for every missed deadline").

As stated on the face of the right to sue letter and accompanying instructions received by Plaintiff Scott in this case, the 90-day limitations period begins to run on the date that the right to sue letter is "received." ECF No. 1-3, at 2-

3. That said, the Fourth Circuit has expressly rejected a legal interpretation of "receipt" that necessarily requires "actual receipt," as such a rule may allow a plaintiff to unfairly manipulate the limitations period. See Watts-Means, 7 F.3d at 41-42 (finding that the limitations period did not begin to run when the plaintiff picked up her EEOC right to sue letter at the post office, but rather, it started five days earlier when a notice was left at the plaintiff's home stating that a certified letter was "available for pickup" at the post office); Harvey, 813 F.2d at 654 (concluding that the limitations period began the day the EEOC right to sue letter was received and signed for by the plaintiff's wife even though she did not alert the plaintiff to the letter until six days later); Nguyen v. Inova Alexandria Hosp., 187 F.3d 630, 1999 WL 556446, at *3 (4th Cir. 1999) (unpublished table opinion) (holding that "the limitations period began to run when the Notice of Right to Sue was delivered to [the plaintiff's] home and picked up by a designated neighbor" even though the plaintiff was on vacation and did not actually receive such letter from her neighbor until more than a week after it was delivered).[2]

---

[2] In order to protect the rights of potential plaintiffs, the EEOC provides instructions that accompany a right to sue letter which tell the recipient to record the date he or she received the right to sue letter, and to provide such date (along with the right to sue letter and the envelope it came in) to his or her attorney. ECF No. 1-3, at 3. Additionally, the instructions warn as follows: "Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent

7

When the date that an EEOC right to sue letter was delivered to a plaintiff's home is "disputed or unknown," courts within the Fourth Circuit apply a "presumption that notice was received three days after it was mailed." Panyanouvong v. Vienna Wolftrap Hotel, 525 F. Supp. 2d 793, 796-97 (E.D. Va. 2007) (citing Nguyen, 1999 WL 556446, at *3);[3] see Crabill, 423 F. App'x at 321 (stating that "the law presumes" receipt of an EEOC right to sue letter three days after its mailing) (citing Baldwin Cnty. Welcome Ctr. v. Brown, 466 U.S. 147, 148 n.1 (1984)). Such presumption, of course, is subject to being rebutted by contrary evidence. Nguyen, 1999 WL 556446, at *3; Sherlock v. Montefiore Med. Ctr., 84 F.3d 522, 525-26 (2d Cir. 1996).

1.

Here, the face of the EEOC right to sue letter that was provided to the Court by Plaintiff indicates that it was mailed on June 13, 2014. ECF No. 1-3, at 2. Plaintiff's complaint, however, asserts that such letter was not "received" until approximately ten days later, with the actual receipt date

---

that your suit be filed **within 90 days of the date this Notice was mailed to you** (as indicated where the Notice is signed) or the date of the postmark, if later." Id. (emphasis in original).

[3] The three day presumption applied in Panyanouvong and Nguyen was drawn from the "mailbox rule" set forth in former Federal Rule of Civil Procedure 6(e). The current version of such provision has been revised and renumbered, and now appears in subsection (d) of that same Rule. See Fed. R. Civ. P. 6(d).

remaining conspicuously vague as a result of Plaintiff's assertion that he received such letter "<u>on or about</u> June 23, 2014." Compl. ¶ 3 (emphasis added). Although Plaintiff's complaint uses the equivocal language "on or about" immediately preceding the identified date of receipt, the Court finds that the addition of such imprecise language in front of a critical date purporting to alter the start of the limitations clock fails to effectively identify any date other than June 23, 2014, particularly because Plaintiff has <u>failed to appear to oppose dismissal</u> of his complaint as untimely. See <u>Johnson v. U.S. Dept. of Homeland Sec.</u>, No. 3:09cv975, 2010 WL 1486910, at *2 (N.D.N.Y. Apr. 14, 2010) (holding that, considering the presumptive receipt date of September 27, 2009, the plaintiff's allegation in his amended complaint that he received the right to sue letter "<u>on or about September 28</u>, 2009," and the plaintiff's "failure to oppose the . . . Defendant's motion to dismiss on the ground that the action is untimely," the lawsuit was untimely because the operative court filing was made 92 days after September 28, 2009 (emphasis added)); <u>Saxton v. American Tel. & Tel. Co.</u>, 10 F.3d 526, 532 n.11 (7th Cir. 1993) (finding that suit was timely filed based on a <u>sworn affidavit</u> from counsel, with supporting evidence, indicating that the right to sue letter was received by counsel on May 22, 1990, but noting that the plaintiff's complaint "alleged that her counsel had

9

received the letter 'on or about' [May 16, 1990,]" and that "[i]f that allegation were accurate, [the plaintiff's] suit would be untimely, because the complaint was not filed until August 16, 1990—ninety-two days later"); <u>Branham v. Management Analysis & Utilization, Inc.</u>, No. 2:11-1543, 2012 WL 1130654, at *2 (D.S.C. Mar. 16, 2012) (concluding that the complaint was timely filed, but noting in its analysis that the limitations period began to run on April 19, 2011 based on the plaintiff's allegation "in his Amended Complaint that he received the Notice of Right to Sue from the EEOC <u>on or about</u> April 19, 2011" (emphasis added)).

Assuming, in Plaintiff's favor, that the imprecise factual statement in his complaint is sufficient at this stage to establish that the right to sue letter was in fact received on June 23, 2014,[4] and that such date is not only the date of actual receipt but also the date of <u>legally operative</u> receipt, the face of Plaintiff's complaint still demonstrates that it was not timely filed. Notably, if the 90-day filing period began to run on June 23, 2014, Plaintiff had until September 22, 2014 to file his complaint.[5] However, Plaintiff did not file his complaint

---

[4] As discussed below, assuming that "on or about June 23, 2014" refers specifically to June 23, 2014, and not to any other date, is actually an assumption that favors Plaintiff.

[5] Ninety days from June 23, 2014 is actually Sunday, September 21, 2014; however, the Federal Rules of Civil Procedure provide that "if the last day is a Saturday, Sunday, or legal holiday, the period continues to run

10

Case 4:14-cv-00128-MSD-DEM Document 8 Filed 04/27/15 Page 11 of 14 PageID# 58

until September 24, 2014, thus rendering it untimely. Moreover, even making the additional, and legally impermissible, assumption in Plaintiff's favor that the operative date of receipt was actually June 24, 2014, or even June 25, 2014, Plaintiff's complaint would still be late as: (1) it would still have been filed after the expiration of the 90-day limitations period; and (2) Plaintiff provides no basis for equitable tolling in his complaint, and obviously provides no such basis in a brief on the pending motion as no such brief was filed with the Court.[6]

**2.**

Alternatively, if the language "on or about" is interpreted to assert that the EEOC right to sue letter was received on a date <u>other than</u> June 23, 2014, it necessarily also reveals that Plaintiff is himself unsure of the precise date he received such letter. Tellingly, in the absence of any requirement that Plaintiff's factual assertions be supported with <u>evidence</u> at

---

until the end of the next day that is not a Saturday, Sunday, or legal holiday." Fed. R. Civ. P. (6)(a)(1)(C). Plaintiff's filing deadline would therefore have been extended to September 22, 2014.

[6] This Court's finding that Plaintiff's complaint is untimely could conceivably have been different if Plaintiff appeared to oppose Defendant's motion. Notably, in scenarios where a complaint is unartfully pled, or contains a critical typographical error, by appearing and opposing dismissal, a plaintiff has the opportunity to seek leave to amend the complaint, or to argue that a 12(b)(6) issue requires submission of evidence and thus can only be resolved if the motion is converted into a motion for summary judgment. However, here, Plaintiff's failure to respond in opposition to dismissal necessarily results in him resting on the facts as stated in his complaint.

11

this early stage in the litigation, Plaintiff's own version of the facts asserts that the EEOC letter was received <u>approximately</u> 93 calendar days before he filed suit. Plaintiff's inability to identify a specific date of receipt, a critical date that Plaintiff was advised by the EEOC to record in order to protect his rights, ECF No. 1-3, at 3, renders such date "unknown." See <u>Poniatowski v. Johnson</u>, No. 1:13cv1490, 2014 WL 3844790, at *3 (S.D.N.Y. Aug. 5, 2014) (applying legal presumptions regarding the receipt date of a right to sue letter in a case where the plaintiff's amended complaint added the phrase "on or about" immediately before the stated receipt date, concluding that, based on the addition of such language, the amended complaint revealed that the pro se plaintiff "does not know when she received the right-to-sue letter"); <u>see also</u> <u>Sherlock</u>, 84 F.3d at 526 (noting that the plaintiff's affidavit indicating that she had no recollection of the date that she actually received the right to sue letter did not "suffice[] to rebut the presumption that the letter had been received" three days after the date listed on the EEOC notice as the date of mailing).

Deeming the date of receipt "unknown," the right to sue letter is presumed to have been received by Plaintiff on June 16, 2013, three days after it was mailed. Being that Plaintiff filed his complaint on September 24, 2014, 100 days after June

12

16, 2013, and because he did not advance any basis for equitable tolling in his complaint or in any subsequent filing in this Court, Plaintiff's complaint is alternatively deemed untimely based on operation of the three-day presumption. See Sanderlin v. La Petite Acad., Inc., 637 F. Supp. 1166, 1171 (E.D. Va. 1986) (dismissing the plaintiff's complaint for untimeliness because it was filed 92 days after the right to sue letter was received by the plaintiff's husband and the "plaintiff g[a]ve no equitable reasons why the time period should be tolled").

D.

For the reasons discussed above, Defendant's motion to dismiss is **GRANTED in part, DENIED in part,** and deemed **MOOT** in part. ECF No. 5. The motion is **DENIED** to the extent it seeks dismissal for lack of jurisdiction, but is **GRANTED** to the extent it asserts that the face of the complaint demonstrates that the instant suit was filed outside the applicable limitations period. The remainder of Defendant's arguments seeking dismissal based on the alleged insufficiency of the factual assertions in the complaint are deemed **MOOT** in light of the fact that the suit is dismissed in its entirety as untimely. In light of the above rulings, Plaintiff's complaint is **DISMISSED with prejudice.**

The Clerk is **DIRECTED** to forward a copy of this Memorandum Order to all counsel of record.

**IT IS SO ORDERED.**

/s/ MSD
Mark S. Davis
UNITED STATES DISTRICT JUDGE

Norfolk, Virginia
April 27, 2015

14